154 So. 597

## WRIGHT v. CITY OF ANNISTON.
### 7 Div. 37.

Court of Appeals of Alabama.
March 27, 1934.

Rehearing Denied April 10, 1934.

**110**

Merrill, Jones & Whiteside, of Anniston, for appellant.

J. F. Matthews and Knox, Acker, Sterne & Liles, all of Anniston, for appellee.

BRICKEN, Presiding Judge.

This action originated in the recorder's court, where the appellant was tried and convicted for the violation of a certain ordinance of the city of Anniston, entitled: "An ordinance regulating the solicitation of business of taxicab drivers, hack drivers, hotel porters, and the parking of motor vehicles and other vehicles at and in front of railway depots in the City of Anniston."

The specific charge was "Soliciting passengers at Southern Depot under shed."

An appeal was taken to the circuit court where the trial was had upon a complaint filed by the attorney for plaintiff.

The cause was tried by the court without a jury, upon an agreed statement of facts, the court rendered judgment against the defendant, from which this appeal was taken.

In the lower court, as here, the sole question is whether or not the ordinance, supra, under which appellant was convicted, is valid. This question is properly presented for consideration; the point of decision being presented in several ways.

The facts of the case as agreed upon are as follows:

"1st. It is agreed that an ordinance was adopted by the City of Anniston on September 22, 1927 and approved by the Mayor on the 23rd day of September, 1927, true copy of which is hereto attached, and all questions as to the adoption of said ordinance or of the production of the original or certified copy of said ordinance are hereby waived, and said ordinance is to be used as evidence subject to the objections by defendant further than objections as to the adoption of said ordinance.

"2nd. It is further admitted that a few days prior to the swearing out of the warrant in this case on the 16th day of March, 1933, Robert Wright did go under the shed at the Southern Railway Depot within the City of Anniston, Alabama, and there solicit business

 

·contrary to said ordinance and as alleged in complaint filed in this cause.

"3rd. That as provided under the provisions of said ordinance the Southern Railway ·Company had designated or named as its agent or licensee the Nixon Baggage & Cab ·Company of Anniston, a company operating .a fleet of taxicabs, and that the said Nixon Baggage & Cab Company regularly during ·said time sent two of its drivers under said .sheds to solicit passengers from incoming trains and also parked a taxicab on the south side of Fourth Street as provided in said ordinance could be done by such licensee or agent. That defendant is and was at said ·time a driver of Patty Taxi Company operating a fleet of taxicabs and being a competitor ·of the Nixon Baggage and Cab Company."

Appellant insists, in effect, that the ordinance in question is unreasonable, unfair, and ·discriminatory, hence void.

Appellee, of course, takes the opposite view.

Upon investigation we find the authorities on the point of decision here involved in conflict. We, of course, shall not .attempt to reconcile this conflict, but after a full investigation we are impressed that the weight of authority does not sustain the insistence of appellant and that the ordinance must be upheld. One of the leading and one of the most instructive decisions bearing upon the question is that of Donovan v. Pennsylvania Company, 199 U. S. 279, 26 S. Ct. 91, 50 L. Ed. 192. This case supports our view as to the validity of the ordinance, but we shall refrain from quoting the decision at length, for by mere reference thereto it will be ascertained that the case is directly in point, and this eminent authority must of necessity control the holding of this court.

Another decision which further convinces us that the ordinance here is not unfair and discriminatory as contended as Kenyon Hotel Company et al. v. Oregon Short Line Railroad ·Company et al., 62 Utah, 364, 220 P. 382, 33 A. L. R. 343. This case appears to be directly in point. The court said: "A municipal corporation and railroad company may, regulate the parking of vehicles in the public highway immediately in front of depot entrances, and prefer certain operators of transportation conveyances to others in the allotment of space." Also: "An ordinance allowing the public authorities to designate parking places in the public streets, near railroad depots, and forbidding passenger vehicles to which space is

not allotted to park except at such places as are designated by the railroad companies, does not unlawfully delegate authority over the public streets to the railroad companies," etc.

Unless it appears upon the face of an ordinance formulating rules for the use of streets adjacent to railroad stations that they are arbitrary and unreasonable, the court must assume that they were adopted to meet some existing emergency and that the city authorities were warranted in passing them. Kenyon Case, supra.

Without prolonging this opinion, we hold that the ordinance in question is not only constitutional and valid, but under the facts shown is proper and reasonable.

It follows that the judgment in the court below from which this appeal was taken must be, and is, affirmed.

Affirmed.